JOHN MORRIS, APPELLEE, V. PHŒBE R. E. E. LINTON,
APPELLANT, ET AL.

FILED NOVEMBER 7, 1901.   No. 10,294.

Appointment of Receiver. Authority is conferred upon a judge of
the district court to appoint a receiver.

APPEAL from the district court for Douglas county.
Heard below before FAWCETT, J.   *Affirmed.*

*John T. Cathers,* for appellant.

*Edward W. Simeral, contra.*

NORVAL, C. J.

This suit was to foreclose a real estate mortgage.  The
petition for foreclosure alleges that the mortgaged prem-
ises are of insufficient value to pay the amount of the
mortgage.   Shortly after the filing of this petition the
plaintiff made application for the appointment of á re-
ceiver to collect the rents, alleging that the property was
insufficient to pay the mortgage.   This application was
heard by one of the judges of the district court of Douglas
county, who appointed a receiver.   The defendant has
appealed from this order, claiming that the judge had no
jurisdiction at chambers to appoint a receiver.   This con-
tention is untenable.   Section 23, article 6, of the constitu-
tion declares that "the several judges of the courts of
record shall have such jurisdiction at chambers as may
be provided by law."   Section 266 of the Code of Civil
Procedure provides: "A receiver may be appointed by the
supreme court, or the district court, or by the judge of
either, in the following cases:   *   *   *   Second—In an
action for the foreclosure of a mortgage, when the mort-
gaged property is in danger of being lost, removed or ma-
terially injured, or is probably insufficient to discharge
the mortgage debt," etc.   Section 57, chapter 19, Com-
piled Statutes, **reads: "That any judge of the district**

court may sit at chambers, at any time and place within his judicial district, and while so sitting shall have the power * * * To discharge such other duties or to exercise such other powers as may be conferred upon a judge in contradistinction to a court." In the light of these provisions, there is no room to doubt that a judge of the district court has jurisdiction at chambers to appoint a receiver in a proper case. The constitution authorizes a judge of a court of record to perform any duty at chambers that may be given by law. Section 266 of the Code of Civil Procedure, already quoted, authorizes the district court, or a judge thereof, to appoint a receiver; and section 57, chapter 19, Compiled Statutes, expressly confers jurisdiction upon a judge of the district court, at chambers, to discharge such duties or to exercise such powers as may be conferred upon a judge in contradistinction to a court. The authority to appoint a receiver being conferred upon a judge of the district court, in contradistinction from the court itself, makes the provisions of said section 266 applicable. The order appealed from is

AFFIRMED.